IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARGARITO CRUZ RUBIO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| ALEXANDER SANCHEZ, Warden, IAH | § | |
| Detention Center; BRET BRADFORD, Field | § | CIVIL ACTION NO. 9:26-CV-00411 |
| Office Director, Houston Field Office, U.S. | § | JUDGE MICHAEL J. TRUNCALE |
| Immigration and Customs Enforcement; | § | |
| MARKWAYNE MULLIN, Secretary, | § | |
| Department of Homeland Security; TODD | § | |
| WALLACE BLANCHE, Acting Attorney | § | |
| General of the United States, | § | |
| | § | |
| *Respondents*. | § | |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Margarito Cruz Rubio (Cruz Rubio)'s First Amended Petition for Writ of

Habeas Corpus (the Petition) [Dkt. 2]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Cruz Rubio is a Mexican national who illegally entered the United States in 2005.

[Dkt. 1 at ¶ 19]. On December 9, 2025, United States Immigration and Customs Enforcement (ICE)

detained Cruz Rubio. *Id.* at ¶ 34.

On June 8, 2026, Cruz Rubio brought a second[1] habeas corpus petition, claiming that his

detention violates the Fifth Amendment to the United States Constitution and the Administrative

Procedure Act (APA). [Dkt. 1]. He amended that petition on July 8, 2026. [Dkt. 2].

## II. LEGAL STANDARD

---

[1] *Compare* [Dkt. 1] with Petition for Writ of Habeas Corpus, *Rubio v. Sanchez et al*, No. 9:26-cv-201 (E.D. Tex. Mar. 13, 2026), Dkt. No. 1.

1

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

Cruz Rubio argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 2]. The Fifth Circuit, in a split decision, recently held that the Due Process Clause requires the Government to provide a bond hearing to aliens held under Section 1225(b)(2)(A) within 90 days. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557, at *16 (5th Cir. July 2, 2026), *reh'g en banc granted, opinion vacated*, No. 26-50183, 2026 WL 2014647 (5th Cir. July 10, 2026). This decision was vacated, and rehearing en banc granted, on July 10, 2026. *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2014647, at *1 (5th Cir. July 10, 2026).

Even so, the Fifth Circuit in *Rodriguez* did not hold that habeas is the proper form of relief. Under *Carson*, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Cruz Rubio's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 2]. Cruz Rubio's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Cruz Rubio's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[2]

---

[2] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

*See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Cruz Rubio's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Cruz Rubio's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. This is because the alleged violation was not by way of Cruz Rubio's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Cruz Rubio to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Cruz Rubio's First Amended Petition for Writ of Habeas Corpus [Dkt. 2] is hereby **DENIED**. Any and all pending motions are **DNEIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 16th day of July, 2026.**

_____
Michael J. Truncale
United States District Judge